**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIONTE HOUFF, AKA Bird, AKA Birdman, AKA Tay, <br><br> Petitioner-Appellant, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS; FELIPE MARTINEZ, <br><br> Respondents-Appellees. | No.    21-55037 <br><br> D.C. No. 5:20-cv-00645-SB-AFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Federal prisoner Dionte Houff appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas corpus petition, which challenged a

prison disciplinary proceeding in which he was sanctioned with the loss of good

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conduct time credits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Lane v. Salazar*, 911 F.3d 942, 947 (9th Cir. 2018), and we affirm.

Houff first contends that the disciplinary hearing officer ("DHO") was not impartial because, inter alia, he relied on Houff's silence when finding that Houff committed the prohibited act of possession of a weapon. Because other incriminating evidence was presented, the DHO properly drew an adverse inference from Houff's silence. *See Baxter v. Palmigiano*, 425 U.S. 308, 316-20 (1976). Houff's other allegations of impartiality are unsupported by the record, which shows that he was not denied an impartial decision maker. *See Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974).

Houff also contends that, in light of an apparent typographical error in the record of his prison disciplinary proceedings, there was insufficient evidence to show he committed a violation. Despite the error, due process was satisfied because there was "some evidence" supporting the decision. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Similarly, the fact that the investigator and the DHO gave slightly differing estimates of the length of Houff's weapon does not demonstrate that the disciplinary decision was "not supported by any evidence." *Id.*

We do not address Houff's contentions that the Bureau of Prisons failed to follow its administrative procedures and regulations because they are raised for the

21-55037

first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**